Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JESSICA DEATON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A05-1110-CR-536 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1011-FC-217

**February 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Jessica Deaton ("Deaton") pled guilty to Neglect of a Dependent, as a Class C felony.[1] She now appeals and raises for our review whether her sentence is inappropriate under Appellate Rule 7(B).

We affirm.

## Facts and Procedural History

Late on July 1, 2010, Deaton asked her live-in boyfriend, Basil McCoy ("McCoy") to watch her child, J.M., while Deaton took a shower. Both McCoy and Deaton were methadone users; McCoy used methadone intravenously and left his drugs next to his bed. When Deaton emerged from the shower, she found McCoy asleep on the bed and J.M. active. Deaton rocked J.M. to sleep, put her in a playpen, and went to bed.

The next morning, relatives of McCoy came over for breakfast, and Deaton awoke to them banging on the door. She went to wake J.M. and found her in the playpen, barely breathing. J.M. was taken to Howard Regional Hospital, where it was determined that J.M. had ingested a near-lethal dose of methadone. Deaton claimed not to know how J.M. got the drugs, but testified that she and McCoy found an empty methadone bottle underneath McCoy's bed.

On November 5, 2010, the State charged Deaton with one count of Neglect of a Dependent. On August 31, 2011, the State and Deaton entered into a plea agreement in which Deaton agreed to plead guilty to the single charge against her and the trial court would

---

[1] Ind. Code § 35-46-1-4.

sentence Deaton to no more than four years imprisonment, with the remaining terms of the sentence left to the discretion of the trial court. On September 28, 2011, the trial court entered judgment of conviction against Deaton and sentenced her to four years imprisonment, with three years executed and one year suspended to probation.

This appeal ensued.

## Discussion and Decision

Deaton contends that her sentence is inappropriate in light of the nature of her offense and her character. In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

The Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. One purpose of appellate review is to attempt to "leaven the outliers." Id. at 1225. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of

3

the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Id. at 1224.

Here, Deaton pled guilty to Neglect of a Dependent, as a Class C felony. A Class C felony carries a sentencing range of two years to eight years, with a statutory advisory sentence of four years. I.C. § 35-50-2-6(a). The trial court's acceptance of Deaton's plea agreement limited her sentence to a maximum of four years, leaving to the court's discretion both the length of the sentence and such matters as executed or suspended sentencing and in-home detention. The trial court sentenced Deaton to four years imprisonment, with three years executed and one year suspended to probation.

With respect to the nature of Deaton's offense, Deaton left J.M. with her boyfriend, McCoy. Deaton knew McCoy was a methadone user, was using the drug in a manner different from that prescribed, and had bottles of the drug nearby. J.M. was around sixteen months old at the time, and her ingestion of methadone nearly killed her. J.M.'s treatment required transportation by helicopter from Howard Regional Hospital to Riley Children's Hospital in Indianapolis.

As to her character, Deaton has no prior criminal history. She was unemployed at the time of the offense and her sentencing and did not finish high school. She admits to having used alcohol and marijuana and to being addicted to pain medication. Methadone was prescribed as treatment for this addiction, but Deaton admitted that she would sell her pills in order to obtain money due to her lack of employment. While Deaton has participated in religious activities, this occurred only since shortly before her sentencing, when she was

4

placed in jail after her bond was revoked pending sentencing.

In light of the nature of her offense and her character, we cannot conclude that her sentence is inappropriate under Appellate Rule 7(B).

Affirmed.

BAKER, J., and DARDEN, J., concur.